IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVIS J. HEFLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 08 CV 172 |
| | ) HONORABLE DAVID H. COAR |
| CHIEF of POLICE MARK DAVIS, the VILLAGE OF CALUMET PARK, and other John/Jane Does, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Travis J. Hefley brings an action against Defendants Chief of Police Mark Davis, the Village of Calumet Park, and other John/Jane Does, et al. (collectively, "Defendants") alleging that Defendants had discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. § 1983 ("Section 1983"), that Defendants retaliated against him in violation of 42 U.S.C. § 2000e-3(a) and Section 1981, and that Defendants also violated the Illinois Personnel Record Review Act ("IPRRA"), 820 ILCS 40/0.01 *et seq*. Defendants now move to dismiss all of Plaintiff's federal claims except his retaliation claims, and his state law claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendants' motion to dismiss is **GRANTED** in its entirety.

## FACTS

Plaintiff, who is white, was fired from his job as a part-time police officer for the Village of Calumet Park ("Calumet Park") in early 2004. On December 13, 2004, after exhausting his administrative remedies, Plaintiff filed a federal lawsuit alleging that Defendants Calumet Park

and Chief of Police Mark Davis had discriminated against him on the basis of his race in violation of Title VII Section 1981, and Section 1983. On May 12, 2006, Judge Manning entered summary judgment in favor of Defendants, reasoning that Plaintiff had not demonstrated that he was meeting his employer's legitimate expectations or that different standards were used to evaluate white and non-white employees, and therefore failed to make out a prima facie case of racial discrimination. On June 25, 2007, the Seventh Circuit affirmed Judge Manning's summary judgment decision. Subsequently, Plaintiff filed a Petition for En Banc Rehearing, a Petition for Writ of Certiorari to the United States Supreme Court, and a Rule 60 Motion before Judge Manning, all of which were denied.

In early 2006, Plaintiff applied for a position with the City of Milwaukee. He was not selected for the position. On December 18, 2006, Plaintiff filed another charge of discrimination against Defendant Calumet Park with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), this time alleging retaliation. Plaintiff believes he was not hired because "[t]he new potential employer stated [Plaintiff] was disqualified based on a negative reference provided by [Defendant Calumet Park]." IDHR/EEOC Charge of Discrimination, dated December 18, 2006. After receiving notice of his right to sue from the EEOC, Plaintiff filed the instant suit on January 9, 2008.

Defendants filed this motion to dismiss on September 25, 2008. Plaintiff's response was due on November 5, 2008. To date, Plaintiff has failed to file a response to Defendant's motion to dismiss.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, the district court must accept all well-pleaded factual allegations as true and draw all reasonable

inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## ANALYSIS

The Court acknowledges that Hefley is a pro se plaintiff and recognizes that pro se Plaintiffs need not be held to the same standard as counseled litigants. *See Glick v. Gutbrod,* 782 F.2d 754, 755 n. 1 (7th Cir.1986) (stating pro se litigant's briefs may be held to a lower standard than those prepared by counsel). However, it is not this Court's obligation to do Hefley's research or make arguments for him. *United States v. Smith,* 26 F.3d 739, 743 (7th Cir.1994) (courts need not research and construct legal arguments for parties). Due to the fact that the instant motion is unopposed, the Court hereby summarily **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's claim for race discrimination under Title VII, Section 1983, and Section 1981, and Plaintiff's state law claim. *See Shell Oil Co. v. Avar Corp.,* No. 97 C 4479, 1997 WL 779054, at *1 (N.D.Ill.Dec. 12, 1997) (noting a previous motion to dismiss was granted because it was unopposed); *EEOC v. Kim & Ted, Inc.,* No. 95 C 1151, 1996 WL 48581, at *3 n. 1 (N.D.Ill. Feb. 2, 1996) (noting district court previously granted an unopposed motion to dismiss a named defendant); *Sanders v. Town of Porter Police Dept.*, No. 05 C 377, 2006 WL 2457251, at * 2 (N.D. Ind. Aug. 22, 2006).

Even if this Court were to consider the instant motion on its merits, the Court would still dismiss all of Plaintiff's claims except for his retaliation claims.

1.  **Race Discrimination Under Title VII**

The Title VII race discrimination claim is improper because a plaintiff may not bring a Title VII claim for discrimination without first filing a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e); *O'Rourke v. Continental Cas. Co.*, 983 F.2d 94, 97 (7th Cir. 1993) (Title VII retaliation and discrimination claims are distinct and an administrative charge of one cannot support a civil suit for the other). Plaintiff did not anywhere allege Title VII race discrimination for actions Defendants allegedly took in 2006 until he filed the instant complaint, more than a year after filed his December 18, 2006 IDHR/EEOC charge of discrimination. Furthermore, Plaintiff's allegations, even if proven true, would be insufficient to support a race discrimination claim under Title VII because he does not claim that Defendants engaged in any of the unlawful employment practices enumerated in 42 U.S.C. § 2000e-2. Accordingly, Plaintiff's Title VII race discrimination claim is dismissed.

2.  **Race Discrimination Under Section 1981**

Similarly, Plaintiff's Section 1981 race discrimination claim fails because Plaintiff has failed to allege any facts that would entitle him to a claim of relief under that statute. Section 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens." This provision has been interpreted to prohibit discrimination in employment contracts on the basis of race. The Seventh Circuit analyzes both Section 1981 and Title VII discrimination claims under the same standard of liability. *Bratton v. Roadway Package System, Inc.*, 77 F.3d 168, 176 (7th Cir.1996). Just as with Plaintiff's race discrimination claim under

Title VII, his Section 1981 race discrimination claim fails because his complaint fails to state facts sufficient to allege that Defendants discriminated against him on the basis of race.[1]

### 3. Race Discrimination Under Section 1983

In paragraph 10 of his complaint, Plaintiff alleges discrimination by Defendants in violation of 42 U.S.C. § 1983. In order to state a Section 1983 claim against a municipal government, the complaint must allege that a constitutional deprivation was caused by an official policy or custom. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (citations omitted). Plaintiff's complaint does not so allege. Plaintiff's Section 1983 claim is therefore dismissed as to Defendant Calumet Park.

With respect to Defendant Davis, a plaintiff bringing a Section 1983 action must prove that the defendant personally participated in or caused the unconstitutional actions. *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). To survive a motion to dismiss, Plaintiff must state some set of factual allegations that, if proven, would permit a factfinder to determine that Defendant Davis had violated Section 1983. Fed. R. Civ. P. 12(b)(6); *Conley*, 355 U.S. at 45. However, while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

---

[1] The Supreme Court, in *CBOCS West, Inc. v. Humphries*, 128 S.Ct. 1951 (2008), held that Section 1981 encompasses retaliation claims even though a cause of action for retaliation is not explicit in the statutory text. The Court notes that while Plaintiff's race discrimination claim under Section 1981 is dismissed, his complaint is sufficient to state a claim for *retaliation* under Section 1981.

Plaintiff's complaint fails to state even *speculative* factual allegations against Defendant Davis. Plaintiff does not identify what conduct Davis may have taken part in or authorized that violated his constitutional rights. The only information pleaded about Davis is his title (Chief of Police) and his residential address. Accordingly, Plaintiff's Section 1983 claim is also dismissed with respect to Defendant Davis.

**4. Plaintiff's Illinois Personnel Record Review Act Claim**

In paragraph 13 of the complaint, Plaintiff alleges that Defendants violated the IPRRA when they made "false claims to the plaintiff's requests for copies of his personnel file from the defendants." An action may be brought under this statute only after the plaintiff has exhausted the statutory administrative remedies. 80 ILCS 40/12; *Anderson v. Bd. of Ed. of the City of Chicago*, 169 F.Supp.2d 864, 870 (N.D. Ill. 2001). Plaintiff did not allege that he attempted to file a complaint with the Illinois Department of Labor, as required by the IPRA. Accordingly, Plaintiff's IPRA claim is dismissed.

**5. Retaliation Claims Against Defendant Davis and Unnamed Defendants**

The Title VII retaliation claim is improper as to Defendant Davis because Plaintiff did not name him in his EEOC charge and Plaintiff's EEOC right-to-sue letter only references the right to sue Defendant Calumet Park. 42 U.S.C. § 2000e-5(f)(1); EEOC Notice of Right to Sue, dated October 9, 2007; *Bowe v. Colgate-Palmolive*, 416 F.2d 711, 719 (7th Cir. 1969) ("It is a jurisdictional prerequisite to the filing of a suit under Title VII that a charge be filed with the EEOC against the party sought to be sued."). Accordingly, Plaintiff's Title VII retaliation claim

is dismissed as to Defendant Davis. Defendants make no argument for the appropriateness of dismissal for Plaintiff's § 1981 retaliation claim against Defendant Davis.

The Court also dismisses the unnamed defendants, since they are purely speculative. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic*, 127 S.Ct. at 1964-65. Plaintiff's complaint lists them as "possibly other John/Jane Does, to be listed following discovery." Compl. ¶ 3.

## CONCLUSION

Defendants' motion to dismiss is **GRANTED** in its entirety. Plaintiff's claims for race discrimination under Title VII, § 1981, and § 1983, and his claim under the IPRRA, are dismissed. Remaining are Plaintiff's claim for retaliation under 42 U.S.C. § 2000e-3(a) against Defendant Calumet Park, and under 42 U.S.C. § 1981 against Defendants Calumet Park and Davis.

Enter:
/s/ David H. Coar
David H. Coar
United States District Judge

**Dated:** December 2, 2008