IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVIS J. HEFLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 CV 172 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| CHIEF of POLICE MARK DAVIS, the VILLAGE OF CALUMET PARK, and other John/Jane Does, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants Chief of Police Mark Davis, the Village of Calumet Park, and other John/Jane Does, et al. (collectively, "Defendants") bring this motion for summary judgment on Plaintiff Travis Hefley's retaliation claim under 42 U.S.C. § 2000e-3(a) against Defendant Calumet Park, and under 42 U.S.C. § 1981 against Defendants Calumet Park and Davis. For the reasons stated below, Defendants' motion is **GRANTED** in its entirety.

**I. FACTS**

Plaintiff did not file a response to Defendants' motion for summary judgment, and did not controvert any of Defendants' statements of material fact. Under Local Rule 56.1(b)(3)(C), "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Accordingly, this Court will treat Defendants' statements of material fact ("SOF") as undisputed admissions.

Plaintiff, who is white, was fired from his job as a part-time police officer for the Village of Calumet Park ("Calumet Park") in early 2004 because he failed to pass the required firearms

1

qualifications test. SOF ¶ 4, 5, 21. On December 13, 2004, after exhausting his administrative remedies, Plaintiff filed a federal lawsuit alleging that Defendants Calumet Park and Chief of Police Mark Davis had discriminated against him on the basis of his race in violation of Title VII Section 1981, and Section 1983. SOF ¶ 5. On May 12, 2006, Judge Manning entered summary judgment in favor of Defendants, reasoning that Plaintiff had not demonstrated that he was meeting his employer's legitimate expectations or that different standards were used to evaluate white and non-white employees, and therefore failed to make out a prima facie case of racial discrimination. *Hefley v. Village of Calumet Park*, 2006 U.S. Dist. LEXIS 32430 (N.D. Ill. May 12, 2006). On June 25, 2007, the Seventh Circuit affirmed Judge Manning's summary judgment decision. *Hefley v. Village of Calumet Park*, 239 Fed. Appx. 276, 2007 U.S. App. LEXIS 15418 (7th Cir. April 4, 2007). Subsequently, Plaintiff filed a Petition for En Banc Rehearing, a Petition for Writ of Certiorari to the United States Supreme Court, and a Rule 60 Motion before Judge Manning, all of which were denied.

On May 11, 2005, Plaintiff applied for a police officer position with the City of Milwaukee. SOF ¶ 9. Plaintiff had previously applied for a police officer position with Milwaukee in 2002, but did not pass the background investigation. SOF ¶ 10. As part of a background investigation, Plaintiff met with Detective Paul R. Kavanagh of the City of Milwaukee Police Department on October 30, 2006. SOF ¶ 11, 24. During the meeting, Plaintiff told Kavanagh about his educational and employment history, including, *inter alia*, that he had failing grades in college; that he had received a written warning from a former employer for what the employer termed timecard theft; that he had several squad accidents while working as a police officer for the village of Crestwood; that he received suspensions from Crestwood; and that Crestwood did not offer him his position again when it expired. SOF ¶ 25-29.

Plaintiff told Kavanagh that he was fired from his job with the Calumet Park Police Department; that the new chief of police for Calumet Park was black; that the new chief of police in Calumet Park instituted a policy that all officers must qualify with their service weapons once per year; that plaintiff failed the firearms qualifications; and that he had three months to retake and pass the firearms qualifications, but failed to pass each time he tried. SOF ¶ 31-36. Regarding his lawsuit against Calumet Park, Plaintiff told Kavanagh that he was representing himself in a lawsuit against the Police Department for racial discrimination, that he was terminated from Calumet Park after a black chief of police took over, and that he lost the lawsuit. SOF ¶ 33, 37-40.

On October 25, 2006, the Calumet Park Police Department received a fax from the City of Milwaukee Police Department stating that Hefley applied for a position with the latter, and requested information about Hefley. SOF ¶ 13-14. Along with this request, the Milwaukee Police Department sent a Release of Information form signed by Plaintiff. SOF ¶ 14. Shortly thereafter, Assistant Chief of Police Susan Rockett spoke via phone with Gary Gacek, a lieutenant with the Milwaukee Police Department. Gacek informed Rockett that he was conducting a background investigation of Plaintiff. SOF ¶ 18-19. Gacek informed Rockett that Plaintiff had bad credit, a bad driver's record, and bed references from other employers. SOF ¶ 20. Rockett told Gacek that Hefley had been given several opportunities to pass the firearms qualifications test, but failed each time and was fired as a result. SOF ¶ 21. Rockett also explained that after being terminated for failing the firearms qualification, Plaintiff filed a racial discrimination lawsuit against the Calumet Park Police Department, who ultimately won. SOF ¶ 22. Gacek asked for, and Rockett delivered, a copy of the court's decision in Plaintiff's prior lawsuit against Calumet Park. SOF ¶ 23.

On October 31, 2006, the Milwaukee Police Department sent Plaintiff a letter notifying him that it "had recommended that you not be hired as a police officer" because of Plaintiff's problems relating to his work, school, military history, interpersonal relations, reaction to conflict and stress, financial responsibility, and traffic record. SOF ¶ 42. Plaintiff lost his appeal to the Milwaukee Fire and Police Appeal Commission. SOF ¶ 43.

Plaintiff filed the instant suit on January 9, 2008, after receiving notice of his right to sue from the Equal Employment Opportunity Commission. In the remaining claims, Plaintiff alleges that Defendant Calumet Park violated his rights under Title VII of the Civil Rights Act of 1964 and Defendants Calumet Park and Mark Davis violated his rights under 42 U.S.C. § 1981 by retaliating against him by providing the Milwaukee Police Department, a prospective employer, with information regarding his original lawsuit.

Defendants filed this motion for summary judgment on April 24, 2009. Plaintiff's response was due on May 26, 2009. On May 11, 2009, Plaintiff moved to extend the time to respond to Defendant's motion, which this Court denied. To date, Plaintiff has failed to file a response to Defendant's motion for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of establishing that

no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts (a "scintilla of evidence" is insufficient) demonstrating that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 252; *see also Celotex*, 477 U.S. at 324. When reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003).

### III. ANALYSIS

The Court acknowledges that Hefley is a pro se plaintiff and recognizes that pro se Plaintiffs need not be held to the same standard as counseled litigants. *See Glick v. Gutbrod,* 782 F.2d 754, 755 n. 1 (7th Cir.1986) (stating pro se litigant's briefs may be held to a lower standard than those prepared by counsel). However, it is not this Court's obligation to do Hefley's research or make arguments for him. *United States v. Smith,* 26 F.3d 739, 743 (7th Cir.1994) (courts need not research and construct legal arguments for parties). Due to the fact that the instant motion is unopposed, and all of Defendants' statements of material fact are deemed admitted, the Court hereby summarily grants Defendants' motion and dismisses Plaintiff's remaining claims. *See, e.g., Nowak v. Transportation Joint Agreement of Community Consol. School Dist. No. 47*, 255 Fed.Appx. 85, 87, 2007 WL 3230912 (7th Cir. 2007) (district court has authority under Local Rule 56.1 to grant summary judgment against plaintiff for his failure to file supporting memorandum of law in opposition to summary judgment motion).

Even if this Court were to consider the instant motion on its merits, the Court would still grant summary judgment for Defendants on all of Plaintiff's remaining claims.

First, Plaintiff's Section 1981 claims against Davis and Calumet City fail as a matter of law. Section 1981 of Title 42 of the United States code provides that all persons within the jurisdiction of the United States shall have the freedom to make and enforce contracts without being discriminated against on the basis of race. Plaintiff's Section 1981 claim against Calumet Park fails because a plaintiff must bring claims against a municipality under 42 U.S.C. § 1983, not Section 1981. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 733, 109 S.Ct. 2702 (1989) ("[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units."). Furthermore, the doctrine of respondeat superior is not available against a municipal entity for Section 1981 claims, so Calumet City cannot be held liable for the actions of Assistant Police Chief Rockett (unless those actions are to be considered the custom or policy of the Calumet Park Police Department, pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978), which Plaintiff does not allege). *Id.* at 735. Plaintiff's Section 1981 against Defendant Davis fails because Davis is sued in his official capacity, and a lawsuit against him in his official capacity is the same as a lawsuit against the municipality. *Schmidling v. City of Chicago*, 1 F.3d 494, 495 (7th Cir. 1993) (citing *Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3104-05, 87 L.Ed.2d 114 (1985)).

Both of Plaintiff's retaliation claims also fail under the undisputed facts. An employee bringing a retaliation claim[1] must present either direct evidence of retaliation or indirect evidence under the burden-shifting analysis prescribed by *McDonnell Douglas*. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-06 (1973); *Matthews v. Wisconsin Energy Corp. Inc.*, 534 F.3d 547, 558 (7th Cir. 2008). A plaintiff can prove retaliation directly by showing that his (1)

---

[1] Retaliation claims under Section 1981 and Title VII are subject to the same methods of proof and analysis. *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 736 (7th Cir. 2006).

6

statutorily protected activity (2) caused (3) an adverse employment action. Under the indirect approach, the plaintiff must first establish a *prima facie* case of retaliation by offering evidence of the following: (1) that he engaged in protected activity; (2) that he was subject to an adverse employment action; (3) that he was performing her job satisfactorily; and (4) that no similarly situated employee who did not engage in protected activity suffered an adverse employment action. *Id.*

Plaintiff has not shown that Defendants' actions constituted adverse employment actions. The Seventh Circuit has broadly defined "adverse employment action." "It is not limited solely to loss or reduction of pay or monetary benefits, but can encompass other forms of adversity." *Stutler v. Illinois Dept. of Corrections*, 263 F.3d 698, 703 (7th Cir. 2001). "Nevertheless, not everything that makes an employee unhappy is an actionable adverse action." *Id.* Here, the sum of Plaintiff's complaint is that Defendants provided objectively true (although unflattering) information about Plaintiff's employment history to his prospective employers. Plaintiff had signed a release form provide by the Milwaukee Police Department authorizing the Calumet Park Police Department to provide it with Plaintiff's "employment history, including without limitation all disciplinary records, performance evaluations, sick leave, and any other matters contained in [his] personnel file" and "civil records." SOF ¶ 12, 15. The release form contains an explicit covenant not to sue stating "I covenant not to sue you or your employer or organization for any information, which is released in response to this request." SOF ¶ 16. Under these undisputed facts, Defendants' actions cannot be described as adverse employment actions.

Plaintiff has made no attempt to show that his filing a discrimination lawsuit against Calumet Park caused it to provide unflattering employment references to the Milwaukee Police

Department (which, as described above, are not adverse employment actions), so Plaintiff cannot succeed under the direct method. Plaintiff is collaterally estopped by Judge Manning's 2006 decision from asserting that he was meeting his employer's legitimate expectations, so he cannot succeed under the indirect method. Simply put, Plaintiff has proffered no evidence whatsoever, let alone any evidence to defeat the summary judgment motion on his retaliation claims proceeding under either the direct or indirect methods of proof.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED** in its entirety.

Enter:
/s/ David H. Coar
David H. Coar
United States District Judge

**Dated:** June 22, 2009